Filed 9/20/16  P. v. Wilson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRYEAL WOODROW WILSON,<br><br>    Defendant and Appellant. | A144630<br><br>(Napa County<br>Super. Ct. No. CR172595) |

Defendant Darryeal Woodrow Wilson was sentenced to serve 2 years 8 months in state prison after he was convicted of failing to register as a sex offender.  On appeal, he contends the trial court abused its discretion when it denied his motion to dismiss his prior strike conviction.  We reject this contention and shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was convicted in 2003 of three counts of committing lewd and lascivious acts upon a child under 14 years of age.  (Pen. Code,[1] § 288, subd. (a).)  He was sentenced to serve 14 years in state prison.  His conviction requires him to register as a sex offender pursuant to section 290.

Defendant was released from prison on July 19, 2014.  He was advised at the time that he was required to register as a sex offender within five business days of his release.  Defendant initially refused to sign a form acknowledging the registration requirement but

_____

[1]Further statutory references are to the Penal Code.

1

eventually did so after being informed that he would otherwise be arrested for a parole violation. He wrote on the form that he signed it " 'under duress.' "

The day following his release, parole authorities transported defendant to Napa County. He was arrested in early August 2014 after he reported to his parole officer and it was discovered that he had not registered as a sex offender within the required five-day period.

In a three-count amended information, the Napa County District Attorney charged defendant with three variations of failure to register as a sex offender: (1) failure to register after a change of address (§ 290, subd. (b)), (2) failure to register as a transient upon release from prison (§ 290.011, subd. (a)), and (3) failure to register upon release from prison (§ 290.015, subd. (a)). The district attorney further alleged that defendant had suffered a prior strike conviction (§ 667, subds. (b)–(i)) and had served a prior prison term (§ 667.5, subd. (b)).

In a negotiated disposition, defendant pleaded no contest to a felony violation of failure to register after an address change and admitted the allegation that he had suffered a prior strike conviction. In exchange for the plea, it was agreed that defendant would be sentenced to no more than four years in state prison and would be eligible for probation if the court agreed to dismiss the prior strike.

Defendant filed a motion inviting the court to exercise its discretion and dismiss his prior strike conviction pursuant to section 1385. The court denied the motion and proceeded to sentence defendant to the lower term of 16 months for failing to register as a sex offender after an address change. (§ 290.018, subd. (b).) Because defendant had suffered a prior strike, the court doubled the sentence to 2 years 8 months. (§ 667, subd. (e)(1).) This timely appeal followed.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court erred in declining to exercise its discretion to dismiss his prior strike. As we explain, we find no error.

1. *Governing Legal Principles*

A criminal defendant's request that a court strike one or more strike convictions pursuant to section 1385 is commonly referred to as a *Romero* motion. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).) Section 1385 provides in relevant part that a "judge . . . may . . . in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) In *Romero,* our Supreme Court concluded that section 1385, subdivision (a) "permit[s] a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law." (*Romero, supra,* at pp. 529–530.) A defendant has a right to " 'invite the court to exercise its power [under section 1385] by an application to strike a count or allegation of an accusatory pleading . . . .' " (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

" '[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*Carmony, supra,* 33 Cal.4th at p. 377.) "[T]he law creates a strong presumption that any sentence that conforms to these sentencing norms [under the Three Strikes law] is both rational and proper." (*Id.* at p. 378.)

Consistent with the legislative intent behind the Three Strikes law, the California Supreme Court "ha[s] established stringent standards that sentencing courts must follow in order to find . . . an exception" to the statutory scheme. (*Carmony, supra,* 33 Cal.4th at p. 377.) A court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he

3

had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Our review of an order denying a *Romero* motion is governed by the deferential abuse of discretion standard. (*Carmony, supra,* 33 Cal.4th at p. 374.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) " 'Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, [the reviewing court] shall affirm the trial court's ruling, even if [it] might have ruled differently in the first instance.' " (*Id.* at p. 378.)

"[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce [] an "arbitrary, capricious or patently absurd" result under the specific facts of a particular case.' " (*Carmony, supra,* 33 Cal.4th at p. 378.)

## 2. *Factual Background of Defendant's <u>Romero</u> Motion*

In his written *Romero* motion, defendant emphasized three factors purportedly favoring dismissal of his prior strike conviction. First, he claimed he has a minimal criminal history, consisting of a "single period of aberrant behavior" that resulted in the strike, and only three misdemeanor convictions before that. Second, he emphasized that he was homeless at the time of the current offense, that he had been in violation of the registration requirement for a relatively brief period of time, and that he was actually reporting to his parole officer when he was arrested. Lastly, he pointed out that he was 62 years old at the time of sentencing.

At the hearing on defendant's *Romero* motion, defense counsel highlighted defendant's transient status and the fact that he missed the registration deadline by only five days. He did not have any money, was homeless, and did not have a job. Counsel argued that defendant was aware of the registration requirement but "froze and walked

4

out" of the police station when he attempted to register on time. Counsel reminded the court that defendant had maintained contact with his parole agent and had visited the agent twice following his release from prison. He also emphasized the "de minimis" nature of the current violation and asserted that the prior strike conviction stemmed from "a single abhorrent behavior."

In response, the prosecutor argued that defendant had not taken responsibility for his failure to register, as reflected in comments defendant made to his probation officer, and that defendant "took umbrage" with the notion that he had to register as a sex offender in the first place. The prosecutor emphasized that defendant was aware of the registration requirement but remained uncooperative even after he begrudgingly agreed to the conditions of his release. He also pointed out that defendant's strike conviction was recent and resulted in a lengthy sentence because of its serious nature. Further, defendant did not face a lengthy prison sentence for the current offense, even considering that the sentence would be doubled as a result of the prior strike.

The court acknowledged that the current registration violation was "toward the minor side of the spectrum" but concluded that defendant "doesn't seem to exhibit the kind of attitude towards his future life or rehabilitation, or compliance with parole requirements" that would justify granting the *Romero* motion. The court stated that it was disinclined to grant the motion but expressed a willingness to impose the lower term for the registration offense in light of the mitigating circumstance that defendant appeared to be "suffering from a mental condition that reduced his culpability . . . ."

At that point in the hearing, defendant was afforded an opportunity to address the court directly. He spoke at length about various hardships he had endured, such as abuse he purportedly suffered in prison. He complained that it was unfair to release him in a city he did not know with practically no money. He also denied culpability for the offenses underlying the strike conviction, claiming that his life was taken away based on hearsay. The prosecutor immediately responded to defendant's attempt to disclaim responsibility for the strike conviction, representing to the court that there was direct

5

evidence presented at trial in that case to support multiple counts of molestation involving defendant's six-year old niece.

The court denied the *Romero* motion after concluding that defendant did not come "within any of the criteria outlined in *People v. Williams . . . .*" The court added that it would have found defendant unsuitable for probation even if it had granted the *Romero* motion.

**3.** *Analysis*

Defendant contends that the court's denial of his *Romero* motion constituted an abuse of discretion because it produced an " ' "arbitrary, capricious or patently absurd" result under the specific facts' " of this case. (*Carmony, supra,* 33 Cal.4th at p. 378.) Comparing his circumstances to those of Jean Valjean, the peasant protagonist in Victor Hugo's *Les Miserables*, defendant emphasizes alleged adversities he faced in prison and purported mistreatment by authorities upon his release. We find it more helpful and germane to focus on the relevant factors expressed in *People v. Williams, supra,* 17 Cal.4th at page 161, and consider the nature and circumstances of defendant's current and prior offenses as well as his "background, character, and prospects" to assess whether he should be deemed outside the spirit of the Three Strikes law.

Starting with the nature and circumstances of his prior strike conviction, defendant has failed to articulate any valid reason that would compel the lower court to treat him as if he had not suffered the prior conviction. According to the prosecutor, defendant's prior convictions were based on his molestation of a six-year old niece. The substantial prison sentence that was imposed is reflective of the seriousness of the prior offenses. On the record before this court, there is no reason to believe that defendant's prior convictions were based on insubstantial evidence, as he suggested in the trial court. Moreover, any claimed mistreatment he suffered in prison at the hands of guards or other inmates has no bearing upon whether it would serve the purposes of the Three Strikes law to disregard his prior strike.

Turning next to defendant's current offense of failing to register as a sex offender, he attempts to explain away his failure to register because he was "shamelessly dumped"

6

with practically no money into a community where he had no support. He adds that the court acknowledged he may have been suffering from significant emotional problems, and he emphasizes that he stayed in touch with parole authorities and exceeded the registration deadline by a matter of days. The court below acknowledged that defendant's registration violation could be classified as relatively minor, but it also pointed out factors that tended to show the willful and troubling nature of defendant's behavior. Defendant initially refused to acknowledge the registration requirement and only did so "under duress," apparently because he believed he was wrongly convicted of serious sex crimes against a minor. His behavior following his release was consistent with a pattern of defying the requirement to register. While it is regrettable that he was effectively left homeless and without support, the circumstances in which he found himself did not prevent him from registering. As his attorney reported to the court, defendant knew he was required to register and appeared at the police station to fulfill the registration requirement but chose to walk out instead. In view of these facts, the court was justified in concluding that defendant did not "seem to exhibit the kind of attitude towards his future life or rehabilitation, or compliance with parole requirements which I think are fair requirements."

In addition, the trial court took into account defendant's mental state and the circumstances of his release as factors in mitigation when it imposed the lower term for the registration violation. The court could have reasonably found that these mitigating facts merited a lesser sentence while also concluding that the same circumstances did not justify treating defendant as someone who fell outside the spirit of the Three Strikes law. Further, the court made clear that it would not have placed defendant on probation even if it had dismissed the prior strike. In the end, even with the application of the Three Strikes law, defendant received a relatively modest sentence that was below the maximum sentence specified in his plea.

Insofar as defendant relies upon his age to justify relief from the Three Strikes law, he is mistaken. "Otherwise, those criminals with the longest criminal records over the longest period of time would have a built-in argument that the very factor that takes

7

them within the spirit of the Three Strikes law—a lengthy criminal career—has the inevitable consequence—middle age—that takes them outside the law's spirit." (*People v. Strong* (2001) 87 Cal.App.4th 328, 345.)

We conclude the court acted within its discretion in denying defendant's *Romero* motion. The decision to deny the motion was neither irrational nor arbitrary in light of the serious nature of his prior strike conviction and his defiance of the registration requirement—an attitude that bears directly on his prospects for the future. Under the circumstances, it was not unreasonable to conclude that defendant failed to come within one of the limited exceptions to the Three Strikes law that would justify disregarding a prior strike.

## DISPOSITION

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.


A144630